

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-37,031-03

### EX PARTE PETE EDWARD CHANDLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 95-03-0019M-CR-B IN THE 97TH DISTRICT COURT
### FROM MONTAGUE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of two counts of aggravated robbery and sentenced to twenty years' imprisonment in count I and thirty years' imprisonment in count II. Applicant did not appeal his convictions. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On August 24, 2022, this Court remanded this matter to the trial court to (1) order the Texas Department of Criminal Justice's Office of the General Counsel to obtain an affidavit from a person with knowledge of relevant facts; and (2) make findings of fact addressing Applicant's claim that he was denied due process during the parole revocation process. The trial court has made findings and recommends that this Court deny relief. However, the trial court's findings do not adequately

address Applicant's allegation that he was never given a written statement by the fact finders detailing the evidence relied upon and the reasons for revocation. While the trial court finds that the Hearing Report from Texas Board of Pardons and Paroles is a written report that sets forth the evidence used and reasons for the parole revocation, it does not specifically find that Applicant was given a copy of that report or a written statement with those details.

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S. 471 (1972). In these circumstances, additional findings are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a supplemental response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant received due process in the parole revocation proceedings. The trial court shall make specific findings as to whether Applicant was given a written statement by the fact finders detailing the evidence relied upon and the reasons for revocation. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the

trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 23, 2022
Do not publish